## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

```
----------------------------X
                             :
GP ACOUSTICS (US), INC.      :
d/b/a KEF,                   :
                             :    Civil Action No.:_____
          Plaintiff,         :
                             :       JURY TRIAL DEMANDED
v.                           :
                             :
J&V  AUDIO,   INC.;  JACK    :
LICHAA,      individually;   :
DESIGNER     AUDIO   VIDEO;  :
DEPENDABLE AUDIO; ELECTRONIC :
DROP  SHIP,  INC.;  ELEGANT  :
ELECTRONICS,  INC.;  CONSUMER:
AV GROUP, INC.; THE HOUSE OF :
AUDIO  NJ,  INC.;  AND  JOHN :
DOES 1-10,                   :
                             :
          Defendants.        :
                             :
----------------------------X
```

## COMPLAINT

Plaintiff GP Acoustics (US), Inc. d/b/a KEF ("Plaintiff" or "KEF"), by way of Complaint against Defendants J&V Audio, Inc. ("J&V") and Jack Lichaa ("Lichaa"), individually, Designer Audio Video ("Designer AV"), Dependable Audio ("Dependable Audio"), Electronic Drop Ship, Inc. ("Electronic Drop Ship"), Elegant Electronics, Inc. ("Elegant Electronics"), Consumer AV Group, Inc. ("Consumer AV"), The

#9161719.1

House Of Audio NJ, Inc. ("House of Audio") (collectively, the "Defendants"), states as follows:

### A.   The Parties

1.    Plaintiff KEF, having its principal place of business at 10 Timber Lane, Marlboro, New Jersey, is a corporation organized and existing under the laws of New Jersey.

2.    Defendant J&V, having a principal place of business located at 55 West 45th Street, Fourth Floor, New York, New York, is a corporation.

3.    Defendant Lichaa is the president and owner of J&V.

4.    Defendant Designer AV is an unauthorized reseller of KEF products.  Designer AV resells a variety of electronic equipment through a variety of online retail spaces including the domain designeraudiovideo.com.  The website does not list a physical address but directs customers to contact Designer AV through email, sales@designeraudiovideo.com and telephone 631-354-5162 and 888-373-1779.  The registration information for Designer AV lists a registrant address of RR 5472, New York, New York 11352, email address designeravonline@gmail.com.  The actual address and identity of Designer AV is presently unknown.

5.    Defendant Dependable Audio is an unauthorized reseller of KEF products.  Dependable Audio resells a variety of

-2-

electronic equipment through a variety of online retail spaces including the domain dependableaudio.com. The website does not list a physical address but directs customers to contact Dependable Audio through email, sales@dependableaudio.com, customerservice@dependableaudio.com, and telephone 888-319-3257. The registration information for Dependable Audio lists a registrant address of 117 7th Avenue, New York, New York 10014 and email address of dependableaudio@gmail.com. The actual address and identity of Dependable Audio is presently unknown.

6.   Defendant Electronic Drop Ship is an unauthorized reseller of KEF products. Electronic Drop Ship resells a variety of electronic equipment through a variety of online retail spaces including Designer AV and Dependable Audio. The return address for Electronic Drop Ship lists an address of 2215 Springfield Avenue #424, Vauxhall, New Jersey 07088 for products ordered through Dependable Audio and Designer AV.

7.   Defendant Elegant Electronics is a New York registered corporation with a registered address of PO Box 527686, Flushing, New York 11352. Upon information and belief, Elegant Electronics is a prior registrant of the Designer AV website.

8.   Defendant Consumer AV is a New York registered corporation with a registered address of 6 Windham Loop, Ste.

-3-

3A, Staten Island, New York 10314.  Upon information and belief, Consumer AV is a prior registrant of the Designer AV website and Dependable Audio website.

9.  Defendant House of Audio is a New Jersey corporation with a registered address of 34 Maple Street, Summit, New Jersey 07901.  Upon information and belief, House of Audio is involved with Designer AV, Dependable Audio, and Electronic Drop Ship.

**B.   Jurisdiction**

10.  This Court has federal subject matter jurisdiction over this action pursuant to 28 USC § 1331 and 1338 because KEF has asserted federal claims under the Lanham Act.

**C.   The Establishment of KEF in the Industry**

11.  KEF was founded in 1961 to experiment with new materials and technologies in order to create products with superior acoustic quality that could reproduce recordings as natural as the original performance.

12.  The pioneering inventiveness of KEF loudspeakers has been undeniable since the beginning.  Audiophiles around the world have revered KEF for its innovative, high-performance loudspeakers.

13.  As a result of KEF's long lists of breakthroughs, it owns numerous patents.  By way of example, from the start,

-4-

KEF pioneered the use of synthetic materials for diaphragms and driver surrounds to maintain consistent sound quality across the frequency range. KEF was the first company to use computers in loudspeaker testing and design.

14. KEF's signature technology, the Uni-Q point source driver array, was developed using NASA-developed magnets ten times more powerful than conventional materials and allowed KEF to engineer a tweeter small enough to mount at the acoustic center of the bass unit voice coil so that both acted as one. The resulting wide dispersion characteristics meant that the previously elusive 'sweet spot' was no more.

15. With the advent of 5:1 home theatre recordings in the nineties, KEF was once again ahead of the game by applying the performance advantages of Uni-Q to the UK's first dedicated center speaker, the Model 100. This was followed by a succession of radically inventive and visually distinctive sub-sat systems such as the KHT2005 'egg', which is still regarded as iconic.

16. Other KEF firsts include the first motorized ceiling speaker and acoustic compliance enhancement technology, which achieves truly full-bodied bass performance from small enclosures. The T series speakers deliver exemplary sound

#9161719.1

reproduction from wall-mountable enclosures less than an inch and a half thick.

17.   Now in its 5th decade, KEF is still developing world-beating products.   Scientific innovation and hands-on experimentation continue to underwrite its reputation as the audiophile's ultimate loudspeaker manufacturer.

### D.   KEF's Dealer Agreement With J&V

18.   KEF enters into agreements with retail dealers to sell KEF products around the world.

19.   On November 7, 2016, KEF entered into a Retail Dealer Agreement (the "Agreement") with J&V whereby J&V represented to KEF that J&V has the capabilities, facilities, technical abilities, and interest to sell KEF products in a manner that promotes and enhances KEF's quality image and goodwill.

20.   Like KEF, J&V agreed it has the goal to provide a high level of service to the consumer and promotion for the KEF products in order to continue to achieve growth and success in the sale of KEF products.

### E.   J&V and Lichaa Breach the Agreement

21.   Pursuant to Section 1.01 of the Agreement, J&V was appointed as an authorized dealer for the sale of KEF products at its authorized, approved location.

-6-

22.  As an authorized dealer, J&V was not permitted to "sell or offer KEF products for resale to any other entity without having first secured KEF's written consent."

23.  J&V is only permitted to "sell the product only to retail customers."

24.  Pursuant to the Agreement, J&V is "specifically prohibited from selling KEF products **via Internet sales, Mail Order sales and Catalog sales,** or any other method of sale where the retailer consumer does not come to the [J&V's] authorized location, **unless expressly permitted by KEF in writing (in KEF's sole discretion.**"

25.  J&V agreed "not to sell to customers whom [J&V] has reason to believe intend to resell, transship, or otherwise divert KEF products into sales channels or outlets."

26.  Upon information and belief, J&V is in breach of the Agreement.

27.  J&V is selling KEF's products through unauthorized channels and outlets, including, but not limited to, Internet and Mail Order sales, as well as to the customers who intend to resell, transship, or otherwise divert KEF products.

#9161719.1

28.   In   March   of   2017,   KEF   learned   that   J&V   was selling products through the internet, specifically through the Designer AV and/or Dependable Audio website.

29.   KEF used a related individual to purchase a pair of KEF R100 speakers in Rosewood from J&V.

30.   Prior to filling an order for J&V for a pair of KEF R100 speakers in Rosewood, KEF made a discreet marking on the box to see if these were speakers that would be sent in response to the order on designeraudiovideo.com.

31.   In March 2017, the order was completed and the customer received the KEF R100 speakers in Rosewood.   Upon mailing these to KEF, the inspection revealed this was the exact same box and set of speakers used to fulfill the J&V order.

32.   The box has a serial number on it that, pursuant to KEF's Agreement with J&V, cannot be altered.   The speakers have a serial number on them that also cannot be altered pursuant to KEF's Agreement with J&V.

33.   The serial numbers were not on the outside of the box or on the speakers when received by KEF from Designer AV/Dependable Audio/J&V.   The serial numbers were etched out prior to shipping to the customer in an effort to conceal the origin.

-8-

## COUNT ONE

### VIOLATION OF THE LANHAM ACT

34.  Plaintiff repeats and realleges the preceding paragraphs as if stated herein.

35.  Pursuant to § 43(a) of Lanham Act, a plaintiff who possesses a valid legally protected mark has a claim against the use by a defendant of a similar mark that creates confusion as to the origin of the product at issue.  15 U.S.C. § 1125(a).

36.  KEF has used its markings and serial numbers continuously in its sales and advertising to identify its products.

37.  The removal of the KEF trademark by J&V to sell nonconforming goods through a secondary provider without the authority to do so from KEF was intended to and would mislead consumers in violation of Section 43(a) of Lanham Act and entitles KEF to three times its damages together with a reasonable attorneys fee.  15 U.S.C. § 1117(b).

38.  J&V fraudulently and without the authorization of KEF put into the stream of commerce KEF goods falsely labeled with the serial trademark removed.

39.  Putting substandard and nonconforming goods into the stream of commerce with KEF's trademark is inherently confusing

-9-

to the consumers of such goods and is a violation of the Lanham Act.

## COUNT TWO

### TRADEMARK INFRINGEMENT – UNFAIR COMPETITION

40.   Plaintiff repeats and realleges the preceding paragraphs as if stated herein.

41.   The acts of Defendants alleged herein constitutes the use in commerce, without the consent of KEF, of offering for sale, distribution, or advertising of goods, used to cause confusion or mistake, or to deceive consumers and infringe on KEF's rights and marks, in violation of the Lanham Act.

42.   The acts of Defendants to use, sell, and distribute altered versions of products containing KEF marks is willful and intentional.

43.   Defendants' infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitutes trademark infringement.

#9161719.1

## COUNT THREE

### BREACH OF CONTRACT

44. Plaintiff repeats and realleges the preceding paragraphs as if stated herein.

45. J&V had contractual obligations under the Agreement not to sell KEF products through unauthorized channels and outlets.

46. J&V sold KEF products through unauthorized channels and outlets, in breach of the Agreement.

47. As a direct and proximate result of the aforesaid actions and omissions by J&V's breach, Plaintiff has sustained damages.

## COUNT FOUR

### BREACH OF THE DUTY OF LOYALTY

48. Plaintiff repeats and realleges each of the preceding paragraphs as if set forth fully herein.

49. In accordance with the Agreement, J&V is to serve as a fiduciary of KEF to distribute KEF products in a manner that promotes and enhances KEF's quality image and goodwill.

50. J&V and Lichaa owe a duty of loyalty to KEF to act in accordance with the Agreement to not act to the detriment of KEF through the distribution and sale of KEF products.

-11-

#9161719.1

51. J&V and Lichaa have breached that duty through the sale and distribution of KEF products through unauthorized channels and outlets with the intent to resell, transship, or otherwise divert KEF products.

52. These breaches have caused, are causing, and will continue to cause KEF to sustain substantial damages and irreparable harm.

## COUNT FIVE

## MISAPPROPRIATION OF TRADE SECRET

53. Plaintiff repeats and realleges each of the preceding paragraphs as if set forth fully herein.

54. KEF has taken the necessary and adequate procedures and precautions through the Agreement to maintain the secrecy and to uphold KEF products to prevent sale and distribution through unauthorized channels and outlets to prevent resell, transship, or otherwise divert KEF products.

55. Upon information and belief, J&V, under the direction of Lichaa maliciously and willfully collected KEF products to resell, transship, or otherwise divert despite the directive in the Agreement.

56. Upon information and belief, J&V, at the direction of Lichaa, diverted the KEF products through unauthorized channels and outlets to direct competitors of KEF.

-12-

57.  J&V and Lichaa have misappropriated KEF products, including KEF's proprietary information contained therein, by providing them to direct competitors to use for their own benefit and profit and to the detriment of KEF.

58.  KEF has suffered, and continues to suffer substantial damages as a consequence of Defendants' misappropriation, conversion, and exploitation of KEF's proprietary information.

## COUNT SIX

### UNFAIR COMPETITION

59.  Plaintiff repeats and realleges each of the preceding paragraphs as if set forth fully herein.

60.  KEF has spent substantial time, money, and resources developing its brand and its technology in developing the KEF products.

61.  In breach of the Agreement, J&V, under the direction of Lichaa, maliciously and willfully collected KEF products to resell, transship, or otherwise divert despite the directive in the Agreement.

62.  Defendants have maliciously and willfully collected KEF products to resell, transship, or otherwise divert products for their own advantage.

63.  As a result of the conduct alleged herein, Defendants have been unjustly enriched to KEF's detriment.

-13-

64.  KEF has suffered, and continues to suffer substantial damages, as a result of the actions of all Defendants.

### COUNT SEVEN

### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

65.  Plaintiff repeats each and every allegation contained in the prior paragraphs of this Complaint and make same a part hereof as set forth at length herein.

66.  Pursuant to the common law of the State of New Jersey, an implied covenant of good faith and fair dealing is inherent in the Agreement by and between KEF and J&V that required that J&V not do anything to destroy or injure KEF's right to receive the benefits of the Agreement.

67.  By its conduct as detailed above, J&V has breached the implied covenant of good faith and fair dealing contained in the Agreement with KEF.

68.  As a consequence of J&V's breach, KEF has suffered damages.

**WHEREFORE,** Plaintiff respectfully requests the following relief:

(1)  The issuance of an injunction as follows:

(A)  Enjoining and prohibiting Defendants from selling, advertising for sale, or accepting orders for KEF products;

-14-

(B)   Enjoining Defendants from selling and/or distributing any KEF products;

(C)   Requiring Defendants to return to Plaintiff all catalogs, prototypes, samples, specifications, drawings, or advertisements of KEF products or product lines;

(D)   Requiring Defendants to provide an accounting of all sums they have received from the sale of KEF products.

2.   The issuance of a declaratory judgment adjudging the actions of defendants as unlawful.

3.   Awarding Plaintiff attorney's fees and costs.

4.   Providing such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury.

WILENTZ, GOLDMAN & SPITZER, P.A.
Attorneys for Plaintiff

By: _____
        ROBERT L. SELVERS

Dated:   July 13, 2017

-15-