IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
:
GP ACOUSTICS (US), INC. d/b/a KEF,   :
:
    Plaintiff,   :    Civil Action No.:
:    1:17-cv-5305
v.   :
:
J&V AUDIO, INC.; JACK LICHAA,   :
individually; DESIGNER AUDIO   :
VIDEO; DEPENDABLE AUDIO;   :
ELECTRONIC DROP SHIP, INC.;   :
ELEGANT ELECTRONICS, INC.;   :
CONSUMER AV GROUP, INC.; THE   :
HOUSE OF AUDIO NJ, INC.; AND   :
JOHN DOES 1-10,   :
:
    Defendants.   :
:
:
---------------------------------------------------------X

### PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE OF PROCESS

Plaintiff, GP Acoustics (US), Inc. d/b/a KEF ("Plaintiff" of "KEF") respectfully requests that the Court allow alternative service of process for Defendant Designer Audio Video ("Designer AV") through electronic means using the email address listed on Designer AV's website. Due to Designer AV's purposeful attempt to mask its identify through the anonymity afforded by the Internet, KEF has been unable to locate a physical address to effectuate traditional service.

KEF unsuccessfully attempted service upon Designer AV using the only address it found after a diligent search, the address used to register its website, desgineraudiovideo.com. The only form of communication to which Designer AV directs its customers to use is their email address,

#9442312.1

listed on the website, and telephone numbers. Service is therefore appropriate by email as this is the only means through which Designer AV will communicate and a valid address does not exist.

**I.     Service Attempts**

KEF filed the instant Complaint on July 13, 2017 and received summons issued to all defendants on July 18, 2017. See Affidavit of Robert L. Selvers, Esq. ("Selvers Affidavit") at ¶ 2. KEF then attempted to locate all defendants and serve them through traditional means at a physical address. These efforts were unsuccessful as to Designer AV.[1]

The Designer AV website is the sole source of information for Designer AV. Id. at ¶ 3. The "about us" section of the website states that "Designeraudiovideo.Com was originally founded in the Long Island part of New York in 2000 by die-hard audio & video enthusiasts who answered the call to make high end, exclusive A/V products more affordable for those who want the better quality gear for the lesser than retail price." Id. at ¶ 4.

The "contact us" section only lists phone numbers and an email address, sales@designeraudiovideo.com as a means to contact Designer AV. Id. at ¶ 5. A search of the registrant information for the Designer AV website revealed an address of RR 5472, New York, NY 11352. Id. at ¶ 6. This does not appear to be a valid, physical address.

On August 3, 2017, KEF attempted to serve Designer AV through certified mail, return receipt requested. Id. at ¶ 7. The U.S. Postal Service returned the summons and complaint package to counsel as unclaimed on August 29, 2017. Id.

---

[1] The efforts to serve defendant Electronic Drop Ship, Inc. and Elegant Electronics, Inc. have also proven to be unsuccessful. The only addresses that could be located are post office boxes. At the time of filing, email addresses are unavailable.

#9442312.1

## II.     Argument

Under Rule 4(e)(1), a defendant "may be served in a judicial district of the United States by. . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).  In New York, service of process may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by either mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called "nail and mail" service. N.Y.C.P.L.R. §§ 308(1)–(4).

In New York, a plaintiff seeking to effect alternative service must make a showing that the other prescribed methods of service were "impracticable." Ferrarese v. Shaw, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016) (quoting S.E.C. v. Nnebe, No. 01 CV 5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003)); see Markoff v. South Nassau Cmty. Hosp., 91 A.D.2d 1064, 1065, 458 N.Y.S.2d 672 (App.Div.2d Dep't 1983). A determination of impracticability depends requires a fact-sensitive analysis of the case at hand. Fortunato v. Chase Bank USA, N.A., No. 11 CV 6608, 2012 WL 2086950, at *1(S.D.N.Y. June 7, 2012); see S.E.C. v. HGI, Inc., No. 99 CV 3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999). When a plaintiff meets that burden, the Court will direct a means of alternative service that ensures compliance with "constitutional due process." F.T.C. v. PCCare247 Inc., No. 12 CV 7189, 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

Court have found it was impracticable to serve by traditional means, and have authorized alternative service where a physical location for the defendant could not be located through a

-3-

diligent search. S.E.C. v. Nnebe, 2003 WL 402377, at *3 (collecting cases and finding that the S.E.C. had made a showing of impracticability to effect alternate service on defendant); S.E.C. v. HGI, Inc., No. 99 CV 3866, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (finding proof of impracticability where, despite efforts to locate the defendant by inquiring with the United States Postal Service and by searching computer databases, defendant's whereabouts remained unknown). In Ferrarese v. Shaw, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016), the Court found it was impracticable to serve a defendant when the process server could not effectuate service at the purported home address of the defendant, hiring a private investigator, and after searching social media platforms, it was determined the defendant changed her name several times. It was impracticable to serve the defendant by traditional means because the defendant was taking active measures to avoid being located and to evade service. The Court permitted service by email. Id.

In the case of Core Brands, LLC v. Designer Audio Video, et al, No 1:16-cv-11830, the Hon. Douglas P. Woodlock of the United States District Court for the District of Massachusetts, by way of Order dated October 14, 2016, permitted alternative service on Designer AV by way of email. See Selvers Affidavit, ¶ 8.

KEF is unable to locate an alternative physical addresses for Designer AV because it is an internet seller that conducts business exclusively online. This business model affords online sellers a high degree of anonymity, which Designer AV has exploited to evade service. Indeed, Designer AV does not provide any physical location information on their websites and instead direct customers to communicate with them electronically or telephonically. As a result, KEF seeks to serve Designer AV with process by delivering a copy of the complaint and summons via e-mail addresses, sales@designeraudiovideo.com.

Given that Designer AV's business is online in nature and that Designer AV regularly communicates with its customers online, service of process via electronic means is the best method of ensuring Designer AV receives notice of the present lawsuit. Designer AV has an active online presence and anonymity strongly support service of process through electronic means as the most effective, most efficient, and presently only available method of alternative service.

The Court should exercise its discretion and allow KEF to serve Designer AV via e-mail to sales@designeraudiovideo.com.

                                        WILENTZ, GOLDMAN & SPITZER, P.A.
                                        Attorneys for Plaintiff

                                        By: _____
                                              ROBERT L. SELVERS
                                              EDWARD T. KOLE

Dated: September 6, 2017               rselvers@wilentz.com
                                              Wilentz, Goldman & Spitzer, P.A.
                                              90 Woodbridge Center Drive
                                              Woodbridge, New Jersey 07095
                                              732-636-8000
                                              732-855-6117 (fax)