UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

GP ACOUSTICS (US), INC. d/b/a KEF,

      Plaintiff,

v.

J&V AUDIO, INC.; JACK LICHAA, individually; DESIGNER AUDIO VIDEO; DEPENDABLE AUDIO; ELECTRONIC DROP SHIP, INC.; ELEGANT ELECTRONICS, INC.; CONSUMER AV GROUP, INC.; THE HOUSE OF AUDIO NJ, INC.; AND JOHN DOES 1-10,

      Defendants.

------------------------------------------------------------X

Civil Action No.:
1:17-cv-5305

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DESIGNER AUDIO VIDEO**

---

WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive
Woodbridge, New Jersey 07095
732-855-6083 (telephone)
732-726-6699 (facsimile)
Attorneys for Plaintiff
GP Acoustics (US), Inc. d/b/a KEF

#9581802.1

-i-

## TABLE OF CONTENTS

                                                                                 **PAGE**

PRELIMINARY STATEMENT ...................................................................................... 1

PROCEDURAL HISTORY ............................................................................................. 1

STATEMENT OF FACTS ............................................................................................... 2

LEGAL ARGUMENT ...................................................................................................... 5

    I.    THE COURT SHOULD ENTER DEFAULT JUDGMENT IN
          FAVOR OF KEF AGAINST DESIGNER AV FOR FAILURE
          TO ANSWER OR OTHERWISE PLEAD ............................................. 5

    II.   KEF IS ENTITLED TO A PERMANENT INJUNCTION
          AGAINST DESIGNER AV ..................................................................... 8

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

**PAGE**

**CASES**

Au Bon Pain Corp. v. Artect, Inc.,
  653 F.2d 61 (2d Cir.1981) ........................................................................................... 5

Citigroup Global Mkts., Inc. v. JWS 1999 Holding B.V.,
  2009 WL 2981912 (S.D.N.Y. Sept. 11, 2009) ............................................................ 5

Cotton v. Slone,
  4 F.3d 176 (2d Cir. 1993) ........................................................................................... 5

Enron Oil Corp. v. Diakuhara,
  10 F.3d 90 (2d Cir. 1993) ........................................................................................... 5

Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,
  973 F.2d 155 (2d Cir. 1992) ....................................................................................... 6

Gucci Am. Inc. v. Tyrrell-Miller,
  678 F. Supp. 2d 117 (S.D.N.Y. 2008) ........................................................................ 8

O'Callaghan v. Sifre,
  242 F.R.D. 69 (S.D.N.Y. 2007) .................................................................................. 6

Pecarsky v. Galaxiworld.com, Ltd.,
  249 F.3d 167 (2d Cir. 2001) ....................................................................................... 6

Shah v. N. Y. State Dep't of Civil Serv.,
  168 F.3d 610 (2d Cir. 1999) ....................................................................................... 5

Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,
  109 F.3d 105 (2d Cir. 1997) ....................................................................................... 6

United We Stand Am., Inc. v. United We Stand, Am. New York. Inc.,
  128 F.3d 86 (2d Cir. 1997) ......................................................................................... 8

## TABLE OF AUTHORITIES (cont'd)

**PAGE**

**STATUTES**

15 U.S.C. § 1116 ............................................................................................................. 8

15 U.S.C. § 1116(a) ........................................................................................................ 8

15 U.S.C. § 1117(b) ........................................................................................................ 3

**RULES**

Fed. R. Civ. P. 54(c) ....................................................................................................... 9

Fed. R. Civ. P. 55(b) ....................................................................................................... 5

**OTHER**

5 J. Thomas McCarthy,
  Trademarks & Unfair Competition § 30:1 (4th ed. 2006) ......................................... 8

Section 43(a) of Lanham Act .................................................................................... 3, 7

## PRELIMINARY STATEMENT

Despite having been duly served with the Complaint, defendants Designer Audio Video ("Designer AV") has failed to Answer or otherwise plead or respond to this action. Plaintiff GP Acoustics (US), Inc. d/b/a KEF ("KEF") now moves for the entry of default judgment against Designer AV, requesting that this Court entered an injunction to enjoin Designer AV from engaging in future infringement and unauthorized use of KEF's marks.

## PROCEDURAL HISTORY

KEF commenced this action by filing a Complaint against J&V Audio, Inc.; Jack Lichaa; Designer Audio Video; Dependable Audio; Electronic Drop Ship, Inc.; Elegant Electronics, Inc.; Consumers AV Group, Inc.; The House of Audio, NJ, Inc.; and John Does 1-10 on July 13, 2017. Declaration of Risa M. Chalfin, Esq. ("Chalfin Dec."), ¶1.

Defendant Designer AV was properly served on September 14, 2017 by email, pursuant to the Court's September 13, 2017 Order for Alternative Service of Process. Chalfin Dec., ¶¶2-4, Exhs. 2-4.

Accordingly, defendant Designer AV should have served an answer or Rule 12 motion on or before October 5, 2017. Chalfin Dec., ¶6. Despite being properly served, Designer AV has not filed timely answers or otherwise defended, appeared,

or participated in this matter. Chalfin Dec., ¶7. Designer AV is not infants, in the military, or incompetent persons. Chalfin Dec., ¶9.

On November 9, 2017, the Clerk of the Court entered Certificate of Default against Designer Audio Video, Dependable Audio, Consumer AV Group, Inc., and The House of Audio NJ, Inc. Chalfin Dec., ¶10, Exh. 5. A copy of the Certificate of Default was served on Designer AV by way of email on November 13, 2017. Chalfin Dec., ¶11, Exh. 6.

## STATEMENT OF FACTS

In March of 2017, KEF learned that J&V was selling products through the internet, specifically through the websites of Designer AV. Chalfin Dec., Exh. 1 at ¶28. This was uncovered when an individual, related to KEF, made a purchase through the Designer AV website of a pair of KEF R100 speakers in Rosewood. Chalfin Dec., Exh. 1 at ¶29. Once the purchase order through Designer AV was made, KEF received a request from J&V for a pair of KEF R100 speakers in Rosewood. Chalfin Dec., Exh. 1 at ¶30. Prior to filling the order for J&V, KEF made a discreet marking on the box to see if these were speakers that would be sent in response to the order on designeraudiovideo.com, Designer AV's website. Chalfin Dec., Exh. 1 at ¶30.

In March 2017, the order was completed and the customer received the KEF R100 speakers in Rosewood. Chalfin Dec., Exh. 1 at ¶31. Upon mailing these to

KEF, the inspection revealed this was the exact same box and set of speakers used to fulfill the J&V order. Chalfin Dec., Exh. 1 at ¶31. The box has a serial number on it that, pursuant to KEF's Agreement with J&V, cannot be altered. Chalfin Dec., Exh. 1 at ¶32. The speakers have a serial number on them that also cannot be altered pursuant to KEF's Agreement with J&V. Id.

The speakers were received by the customer from Designer AV, not J&V. Chalfin Dec., Exh. 1 at ¶33. The serial numbers were not on the outside of the box or on the speakers when received by the customer. Id. The serial numbers, the marks, were etched out prior to shipping to the customer in an effort to conceal the origin. Id.

KEF has used its markings and serial numbers continuously in its sales and advertising to identify its products. Chalfin Dec., Exh. 1 at ¶36. The removal of the KEF trademark by Designer AV to sell nonconforming goods without the authority to do so from KEF was intended to and would mislead consumers in violation of Section 43(a) of Lanham Act and entitles KEF to three times its damages together with a reasonable attorneys fee. 15 U.S.C. § 1117(b). Chalfin Dec., Exh. 1 at ¶37.

Designer AV, through J&V, fraudulently and without the authorization of KEF put into the stream of commerce KEF goods falsely labeled with the serial trademark removed. Chalfin Dec., Exh. 1 at ¶38. Putting substandard and

nonconforming goods into the stream of commerce with KEF's trademark is inherently confusing to the consumers of such goods and is a violation of the Lanham Act. Chalfin Dec., Exh. 1 at ¶39.

The acts of Designer AV alleged herein constitutes the use in commerce, without the consent of KEF, of offering for sale, distribution, or advertising of goods, used to cause confusion or mistake, or to deceive consumers and infringe on KEF's rights and marks, in violation of the Lanham Act. Chalfin Dec., Exh. 1 at ¶41. The acts of Designer AV to use, sell, and distribute altered versions of products containing KEF marks is willful and intentional. Chalfin Dec., Exh. 1 at ¶42.

Designer AV's infringing activities are likely to cause, are actually causing, and are willful and intended to cause, confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of such products and constitutes trademark infringement. Chalfin Dec., Exh. 1 at ¶43.

## LEGAL ARGUMENT

### I. THE COURT SHOULD ENTER DEFAULT JUDGMENT IN FAVOR OF KEF AGAINST DESIGNER AV FOR FAILURE TO ANSWER OR OTHERWISE PLEAD

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, a party may move for a default judgment against an adversary who fails to answer or appear. Fed. R. Civ. P. 55(b). "Entry of a default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." Citigroup Global Mkts., Inc. v. JWS 1999 Holding B.V., 2009 WL 2981912 at *1 (S.D.N.Y. Sept. 11, 2009). Once a default judgment is entered, all well-pleaded factual allegations in the complaint are accepted as true, except those pertaining to damages. See Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981)).

Where the relief sought is other than a sum certain, a party must apply to the Court for relief. Fed. R. Civ. P. 55(b)(2). "The dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." Shah v. N. Y. State Dep't of Civil Serv., 168 F.3d 610, 615 (2d Cir. 1999) (quoting Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993)).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability," with the exception of allegations that pertain to damages. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 108 (2d Cir. 1997). Courts must also consider numerous factors in determining whether to grant default judgment including: "whether plaintiff has been substantially prejudiced by the delay involved;" "whether the grounds for default are clearly established or are in doubt;" "whether the default was willful;" "whether the plaintiffs would be prejudiced by the denial of the motion for default judgment;" and "whether there are any meritorious defenses to plaintiff's claims." O'Callaghan v. Sifre, 242 F.R.D. 69, 73 (S.D.N.Y. 2007) and Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 170-71 (2d Cir. 2001)).

KEF's well-pleaded Complaint establishes Designer AV's liability for violating the Lanham Act and all factors support granting default judgment as to Designer AV in this case. Designer AV is an unauthorized reseller of KEF products, offering for resell a variety of trademarked equipment.

In breach of the Lanham Act, Designer AV is offering for sale KEF products with marks removed or altered to create confusion as to the origin of the product at issue. The removal of the KEF trademark by Designer AV, as an unauthorized dealer of KEF products, to sell nonconforming goods as a secondary provider

without authority to do so from KEF was done so with the intention and to mislead consumers in violation of Section 43(a) of the Lanham Act. Designer AV placed substandard and nonconforming goods into the stream of commerce with KEF's trademark. This is inherently confusing to consumers and a direct violation of the Lanham Act. Designer AV is clearly in violation of the Lanham Act.

Designer AV has failed to answer or otherwise defend this action as clearly set forth herein. The Complaint's well-pled allegations establish the elements for the violation of the Lanham Act. This Court has jurisdiction over this matter. Designer AV has provided no explanation as to why they have failed to respond to the Complaint, whether there is a meritorious defense, or why Designer AV would be unduly prejudiced by the entry of a default judgment.

KEF, conversely, has a strong interest in the finality, efficiency, and economy of this litigation and would be severely prejudiced by the continuation of this litigation and the harm caused by Designer AV to their mark. The prejudice to KEF severely outweighs that to Designer AV. Default judgment, including permanently enjoining the Designer AV from engaging in the use of KEF's marks, should be entered here.

## II. KEF IS ENTITLED TO A PERMANENT INJUNCTION AGAINST DESIGNER AV

Pursuant to 15 U.S.C. § 1116, KEF is entitled to a permanent injunction to prevent any future trademark infringement by Designer AV. The Lanham Act provides that a court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right [of a trademark holder]." 15 U.S.C. § 1116(a). An injunction is the "usual and standard" remedy in Lanham Act cases and is routinely granted by courts through default judgments. 5 J. Thomas McCarthy, Trademarks & Unfair Competition § 30:1 (4th ed. 2006); see, e.g., United We Stand Am., Inc. v. United We Stand, Am. New York. Inc., 128 F.3d 86, 88 (2d Cir. 1997) (affirming default judgment in action to enjoin the use of plaintiff's registered service mark); Gucci Am. Inc. v. Tyrrell-Miller, 678 F. Supp. 2d 117, 120 (S.D.N.Y. 2008) (ordering permanent injunction after default judgment).

To obtain a permanent injunction, KEF must demonstrate (1) actual success on the merits; and (2) irreparable harm. Gucci Am. Inc., 678 F. Supp. 2d at 120. Here KEF has "established success on the merits because the defendants' default constitutes an admission of liability." Id. Further, irreparable harm is established in trademark cases where "there is any likelihood that an appreciable number of ordinarily prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question." Id.

There is no question that the actions of Designer AV will confuse consumers. Designer AV are unauthorized resellers of KEF products selling KEF products and placing altered KEF products into the stream of commerce. Each represents it is an authorized reseller of KEF products. That alone is a false statement made with the intent to mislead consumers. In addition to placing themselves out as authorized resellers, Designer AV are selling products with altered marks.

Accordingly, KEF requests this Court enter an injunction against Designer AV:

(A) Enjoining and prohibiting Designer AV from selling, advertising for sale, or accepting orders for KEF products;

(B) Enjoining Designer AV from selling and/or distributing any KEF products;

(C) Requiring Designer AV to return to Plaintiff all catalogs, prototypes, samples, specifications, drawings, or advertisements of KEF products or product lines;

(D) Requiring Designer AV to provide an accounting of all sums they have received from the sale of KEF products.

In accordance with Rule 54(c) of the Federal Rules of Civil Procedure, the relief requested herein is identical to that requested in the Complaint.

## CONCLUSION

For the foregoing reasons, KEF respectfully requests the Court grant its motion for entry of default judgment in its favor against Defendant Designer Audio Video and enter a permanent injunction against Defendant Designer Audio Video restraining it from engaging in future infringement of KEF's trademarks.

                              Respectfully submitted,
                              WILENTZ, GOLDMAN & SPITZER, P.A.
                              Attorneys for Plaintiff
                              GP Acoustics (US), Inc. d/b/a KEF


                              By:   */s/Risa M. Chalfin*
                                          RISA M. CHALFIN

Dated: November 14, 2017